<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GREGORIO COLOTL MORALES,<br><br>Petitioner<br><br>v.<br><br>PAM BONDI, *et al.*,<br><br>Respondents | No. 26cv2601 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on Petitioner Gregorio Colotl Morales's Petition for Writ of Habeas Corpus. D.E. 1 ("Petition"). Petitioner seeks release from alleged unlawful detention by immigration authorities.  Respondent filed an answer in opposition to the Petition. D.E. 4 ("Answer").  The Court, having reviewed all pleadings, motions, and supporting documents, and having determined that oral argument is not needed, *see* Fed. R. Civ. P. 78(b), L. Civ. R. 78.1(b), finds that Petitioner is unlawfully detained and entitled to release.

## I.      BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without admission or inspection by immigration authorities and has resided in the United States for more than 18 years.  Petition ¶¶ 12-13; Answer at 1-2; D.E. 4-1, Ex. A ("Notice to Appear") at 1.  He is the sole surviving parent and primary caretaker for a 12-year-old U.S. citizen child, and two adult U.S. citizen children. Petition ¶ 14.  On March 11, 2026, ICE officers arrested Petitioner, and he is currently detained in Delaney Hall Detention Center in Newark, New Jersey.  *Id.* ¶ 12.  According to Respondents, Petitioner is detained without bond under 8 U.S.C. § 1225(b)(2), pursuant to *Matter of Yajure*

*Hurtado*, 29 I&N Dec. 215 (BIA 2025).  Answer at 2.  ICE does not dispute that Petitioner lacks a criminal history in the United States.  *Id.*

## II.    DISCUSSION

### A.    Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant a writ of habeas corpus to a person in custody in violation of the Constitution, laws, or treaties of the United States.  *See Demore v. Kim*, 538 U.S. 510, 517 (2003).  "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  A habeas petitioner has "the burden of sustaining his allegations by a preponderance of evidence."  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).  District courts also have jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, and the ability to grant equitable relief in the absence of an exclusive statutory review scheme.  *See Semper v. Gomez*, 747 F.3d 229, 235 n.2 & 242 (3d Cir. 2014).

### B.    Petitioner Is Unlawfully Detained in Violation of his Fifth Amendment Right to Due Process

Petitioner submits that his mandatory detention under Section 235 of the Immigration and Nationality Act violates the statute, the Due Process Clause of the United States Constitution, and the Administrative Procedure Act.  Petition ¶¶ 12-27.  Respondents disagree and assert that Petitioner is lawfully detained under § 1225(b)(2) because he entered the country without inspection or parole and was detained by immigration authorities in the interior of the country without having been lawfully admitted, making him an "applicant for admission" under the statute, who is not entitled to a bond hearing.  Answer at 2.  However, Respondents acknowledge that the Answer to the Petition relies on the same statutory interpretation arguments made and rejected by

2

prior § 1225(b)(2) matters in this District and further acknowledge that the Amended Petition asserts facts materially similar to those prior cases. Answer at 1-2 n.1. Therefore, for the same reasons stated by this Court in *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025) and similar decisions in this District, including but not limited to *Zumba v. Bondi*, No. 25-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025), the Court holds Petitioner's mandatory detention under § 1225(b)(2) violates the statute and his Fifth Amendment right to due process.

To remedy his unlawful detention, Petitioner seeks release. Petition ¶ 23. Respondents argue that a bond hearing is the only proper remedy. Answer at 2. Under the circumstances present here—*i.e.*, where no initial determination was made, and there is no evidence to suggest that Petitioner presents a flight risk or danger to the community to justify his civil detention—the Court finds that release is a proper habeas remedy. *See*, *e.g.*, *Lliguicota v. Cabezas*, No. 25-17216, 2025 WL 3496300, at *2 (D.N.J. Dec. 5, 2025) (ordering immediate release where the "record contain[ed] no indication that Petitioner received any individualized assessment of flight risk or danger, and Respondents ha[d] not identified any basis under § 1226(a) that could support Petitioner's continued detention"); *Lopez v. Benitez*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("[G]iven the nature of the constitutional violation Mr. Lopez Benitez sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment *before* detaining him—any post-deprivation review by an immigration judge would be inadequate."); *see also Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

**III.    CONCLUSION**

Petitioner is unlawfully detained under § 1225(b)(2).  His constitutional right to due process requires his release from unlawful detention.  The Court will accordingly **GRANT** the Petition.  Respondent shall release Petitioner by 5:00 p.m. on March 20, 2026.  Respondent shall, within 3 days of his release, file a status report indicating compliance with this Order.  If ICE subsequently arrests Petitioner by warrant under 8 U.S.C. § 1226(a), they must make the initial flight risk or danger to the community determination under 8 C.F.R. § 236.1(c)(8) and afford him a bond hearing pursuant to 8 C.F.R. § 236.1(d).

An appropriate Order follows.


Dated: March 19, 2026

_Evelyn Padin_
Evelyn Padin, U.S.D.J.